09-3610-cv
Vemics, Inc. v. Meade

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of March, two thousand ten.

PRESENT: ROBERT D. SACK,
REENA RAGGI,
PETER W. HALL,
*Circuit Judges*.

---------------------------------------------------------------------

VEMICS, INC., and FRED ZOLLA,
*Plaintiffs-Counter-Defendants-Appellees*,

v.                                                     No. 09-3610-cv

LOUIS MEADE JR., and DOROTHY VALENTI,
*Defendants-Counter-Claimants-Appellants,*

MICHAEL JESSE, RON FRANCESCO, VITO PETRUZZELLA, DENNIS O'BRIEN, ED PEDICINE, CONRAD NOWICKI, and JOSEPH TALARICO,
*Defendants-Appellants.*

---------------------------------------------------------------------

APPEARING FOR APPELLANTS: PAUL F. CARVELLI (Martin J. Murray, New York, New York, *on the brief*), McCusker, Anselmi, Rosen & Carvelli, P.C., New York, New York.

APPEARING FOR APPELLEES: SUSAN COOPER, Savad Churgin, Nanuet, New York.

Appeal from the United States District Court for the Southern District of New York (Robert L. Carter, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on July 23, 2009, is AFFIRMED, and defendants' appeal is DISMISSED in part.

Defendants, nine investors in plaintiff Vemics, Inc., appeal from the denial of their motion to enforce the payment provisions of a settlement agreement between the parties and from the grant of what the district court construed as a cross-motion by plaintiffs to enforce surrender provisions of the same agreement. Defendants further appeal from so much of the district court's order as granted plaintiffs leave to move for costs and attorneys' fees. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Identifying and Construing the Parties' Settlement Agreement

Defendants submit that the district court misconstrued the settlement agreement to require their surrender of original notes as a precondition to plaintiffs' payment obligations. We review a district court's factual findings, including its findings as to the existence of a settlement agreement and the parties' intent to be bound thereby, for clear error. See Omega Eng'g, Inc. v. Omega, S.A., 432 F.3d 437, 443 (2d Cir. 2005). We detect no error, let alone clear error, in the district court's finding that the parties agreed to be bound by a November

2

30, 2007 document entitled "Confidential Settlement Agreement and Mutual Release" (the "Agreement"). Indeed, defendants attached this document to their motion to enforce, stating that it included "all terms of settlement, as agreed to by the parties," with the exception of "non-interference" terms not relevant to this appeal. Defs.' Br. in Supp. of Mot. to Enforce Settlement Agr. ("Def's Mot. Br.") at 3. Thus, as a threshold matter, we reject as without merit defendants' reliance on other communications between the parties as evidence of the terms of their settlement.

We interpret the Agreement de novo according to general principles of contract law. See Powell v. Omnicom, 497 F.3d 124, 128 (2d Cir. 2007); Jessica Howard Ltd. v. Norfolk S. R.R. Co., 316 F.3d 165, 168 (2d Cir. 2003).[1] Like the district court, we independently conclude that the plain language of the Agreement conditions plaintiffs' payment obligations on their receipt of all original notes issued to defendants upon their investment in Vemics between 2003 and 2004. See Agreement at 4 (stating that payment obligations are triggered following plaintiffs' receipt "of all of Defendants' original Notes"). Consistent with this language, the district court correctly denied defendants' motion to enforce payment as

---

[1] The settlement agreement provides that New York law applies, a point undisputed by the parties. See VKK Corp. v. Nat'l Football League, 244 F.3d 114, 129 n.10 (2d Cir. 2001) (applying New York law where contract specified application of New York law and parties proceeded "on the assumption that New York law applies"). In any event, resolution of this appeal does not turn on choice of law.

premature and ordered that defendants first surrender "all of Defendants' original Notes." Vemics, Inc. v. Meade, No. 06 Civ. 8716, slip op at 6 (S.D.N.Y. July 23, 2009).[2]

Defendants submit that the Agreement and the district court's order are ambiguous as to whether payment depends on their return of all eleven notes at issue or only those original notes in their possession at the time of the Agreement. We disagree. The Agreement describes the execution of each of the eleven notes, labeling them collectively "Defendants' Notes." Agreement at 3. The Agreement further states that "each Defendant covenants that he or she is the legal holder of his or her Note or Notes referenced in this Agreement," and that "Defendants will cause to be sent [to plaintiffs] all originals of Defendants' Notes." Id. at 4-5. Moreover, the district court found that, in exchange for their investments in Vemics, "each Defendant received one or more original Notes bearing the signature of the Defendant noteholder." Vemics, Inc. v. Meade, No. 06 Civ. 8716, slip op at 3. Although defendants dispute this finding, it is sufficiently supported by the evidence to preclude a finding of clear error. On this record, we identify no ambiguity in the Agreement or the district court order; both are properly construed to require that defendants return all eleven original notes as a precondition to plaintiffs' payment of the agreed-upon

_____

[2] Defendants' complaint that plaintiffs did not themselves seek enforcement of the Agreement is unconvincing in light of plaintiffs' memorandum in opposition to defendants' enforcement motion, which requested that the district court "order Defendants to execute the November 30 agreement once and for all and begin performing their obligations thereunder." Pl.'s Mem. in Opp'n to Defs.' Mot. to Enforce Settlement Agr. at 10-11 (emphasis in original).

4

monies.[3]  See Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y., 375 F.3d 168, 178 (2d Cir. 2004) (observing that contract may be unambiguous when applied to particular facts).

### 2.    Attorneys' Fees and Costs

Defendants' charge of error as to attorneys' fees and costs is premature, as the district court has only invited a motion from plaintiffs on this point.  It has not yet made any award. See O & G Indus., Inc. v. Nat'l R.R. Passenger Corp., 537 F.3d 153, 167 (2d Cir. 2008) (holding that "non-quantified award of attorneys' fees and costs is not appealable until the amount of the fees has been set by the district court"); Krumme v. WestPoint Stevens, Inc., 143 F.3d 71, 86 (2d Cir. 1998) (holding that, under 28 U.S.C. § 1291, district court decision is reviewable only when there is "nothing for the court to do but execute the judgment" (internal quotation marks omitted)).  We therefore dismiss for lack of jurisdiction so much of this appeal as challenges the district court's putative award of attorneys' fees and costs.

---

[3] In light of this determination, we decline defendants' invitation to enforce the payment provisions of the Agreement ourselves on the grounds that, since the district court's order, defendants (1) have satisfied their obligations under the order by surrendering all original notes in their possession, or (2) cannot comply with the order as to one or more notes over which they cannot secure possession.  Nothing we have said in this order, however, precludes defendants from seeking to reopen proceedings in the district court to demonstrate these or other grounds for enforcing the payment provisions or from requesting, in the alternative, relief such as reformation of the agreement or rescission of the agreement and reinstatement of the case on the court's trial calendar.  We express no view as to the appropriate disposition of any such motion or request.

5

We have considered all of defendants' remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED, and defendants' appeal is DISMISSED in part.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court